**RECEIVED**

JUN 1 5 2022

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MISSOURI**

GAGANDEEP SINGH,

Plaintiff,

vs.

SUMMIT TRUCK GROUP, LOUIS SIMS, GT TRUCK SALES, and DOES 1 through 5, inclusive,

Defendant(s).

**COMPLAINT FOR VIOLATIONS OF FEDERAL ODOMETER LAW,COMMON LAW FRAUD, VIOLATION OF MISSOURI ODOMETER LAW, VIOLATIONS OF THE MISSOURI CONSUMER PROTECTIONS ACT, FRAUD IN MILEAGE REPRESENTATIONS, FRAUD IN REPRESENTATIONS REGARDING CONDITION OF VEHICLE, AND BREACH OF EXPRESS AND IMPLIED WARRANTIES.**

**Allegations Common to All Counts**

1.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1367, and 49 U.S.C. § 32710(b);[4] the amount in controversy exceeds $50,000, exclusive of interest andcosts.

2.    Plaintiff GAGANDEEP SINGH is an individual, residing in the State of California.

3.    Defendant SUMMIT TRUCK GROUP is a business entity unknown, conducting business in Joplin, Missouri.

4.    Defendant LOUIS SIMS is an individual and is a used truck sales agent at SUMMIT TRUCK GROUP.

5.    Defendant GT TRUCK SALES is a business entity unknown, doing business as a truck sales business.

6.    All conduct of the managers, agents, and employees of SUMMIT TRUCK GROUP as alleged in this Complaint was within the course and scopeof their employment or agency by or on behalf of SUMMIT TRUCK GROUP.

7.    All conduct of the managers, agents, and employees of GT TRUCK SALES as alleged in this Complaint was within the courseand scope of their employment or agency by or on behalf of Citizens Bank.

8.      On or about 10/19/2021, SUMMIT TRUCK GROUP sold the truck to plaintiff GAGANDEEP SINGH for $91,000.00, representing the truck's mileage to be low mileage--specifically 405,255 miles--and representing the truck to be in good condition.

9.      On or about 11/08/2021 Plaintiff GAGANDEEP SINGH along with another driver MANDEEP SINGH proceeded to prepare to take their first load with the newly purchased 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 (the truck) from Joplin, Missouri.

10.      Once Plaintiff GAGANDEEP SINGH and his driver MANDEEP SINGH fueled newly purchased 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 (the truck, and hooked and prepped the trailer they proceeded to take the load.

11.      When Plaintiff GAGANDEEP SINGH hooked up ELD 365 LOG BOOK Program with the newly purchased 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 (the truck) the LOG BOOK program recognized the truck odometer mileage as **605,255** which was confusing to Plaintiff as the mileage was showing 405,255 when purchased.

12.      Through the first trip, the newly purchased 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 (the truck)started having issues.  The alternator and belts had to be replaced.

13.      On or about 11/30/2021 in Lake City, Florida, Plaintiff GAGANDEEP SINGH had to take the truck to TA TRUCK SERVICE to repair the alternator in which it cost $803.09 Invoice #288000708, also on the invoice the truck odometer reading showed 417,000 miles. **(Please see attached Exhibit "A")**

14.      On or about 11/30/2021 in Lake City, Florida, Plaintiff GAGANDEEP SINGH had to take the truck to TA TRUCK SERVICE to replace belt on tractor in which Plaintiff purchased own parts which it cost $102.42 Invoice #288000704, also on the invoice the truck odometer reading showed 123,000 miles.  Plaintiff purchased his own parts (belts) from Freightliner in the amount of $73.83 **(Please see attached Exhibit "B and "C")**

15.      On or about 12/20/2021 Plaintiff looked up on FAXVIN.COM to check as now he was very concerned about the mileage on this truck that he purchased and the problems that he was having.
          The report now showed that on 08/19/2021 a company SCHNIEDER located in Dallas with the exact same 2017 FREIGHTLINER CASCADIA TRUCK, exact same vehicle identification number 3AKJGLDR7HSGV8144 has the truck for sale showing 579,533 miles, selling the truck for $78,500.00.  Plaintiff GAGANDEEP SINGH contacted the company SCHNIEDER located in Dallas and they confirmed that they indeed had the same truck as listed.

16.     On or about 12/21/2021 Plaintiff GAGANDEEP SINGH contacted SUMMIT TRUCK GROUP and spoke with Sales Representative LOUIS SIMS he stated that he wanted Plaintiff to get the 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 checked from FREIGHTLINER and receive a certified mileage report.

17.     On or about **01/03/2022**, Plaintiff took the 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 to Freightliner and received a certified mileage report and thereafter contacted SUMMIT TRUCK GROUP and again spoke with Sales Representative LOUIS SIMS and at that point LOUIS SIMS stated that he refused to do anything about it and will not refund nor help Plaintiff GAGANDEEP in any capacity whatsoever. **(Please see attached Exhibit "D"**

18.     On or about 02/05/2022 in Bakersfield, California, Plaintiff GAGANDEEP SINGH had to take the truck to CHESTER AVENUE BRAKE to replace Eaton Shoes, Good Core, Drums, Brakes in which Plaintiff it cost $1,851.29 Invoice #01P24150. **(Please see attached Exhibit "E.**

19.     On or about 03/03/2022 Plaintiff GAGANDEEP SINGH had to take the truck to LDN Truck and Trailer Repair Corp., and replace the Coolant Reservoir, Coolant Hose, in which Plaintiff it cost $665.00 Invoice #1731. **(Please see attached Exhibit "E".**

20.     On or about 03/14/2022 Plaintiff GAGANDEEP SINGH had to take the truck to LDN Truck and Trailer Repair Corp., and replace the Heather Core, Coolant Hose, Clamps, Coolant Gallon, in which Plaintiff it cost $665.00 Invoice #1747. **(Please see attached Exhibit "E".**

21.     Clearly upon such evidence the Plaintiff was defrauded on or about 10/19/2021, in which the Plaintiff GAGANDEEP SINGH purchased a 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 (the truck), at SUMMIT TRUCK GROUP at the time of purchase, the truck on sale as being said of having 405,255 miles on it, as observed and disclosed by the sales representative, Defendant, LOUIS SIMS, at the time of sale, and as indicated by the documentation provided to Plaintiff in connection with that sale, further stating that they would fill out and properly submit the federal odometer disclosure statements on the title to the truck, and a bill of sale.

22.     In connection with the sale of the truck to plaintiff GAGANDEEP SINGH, SUMMIT TRUCK GROUP and LOUIS SIMS, completed certain documentation, some of which was shown to plaintiff GAGANDEEP SINGH and some of which was NOT shown to Plaintiff GAGANDEEP SINGH. All of the documents containing mileage information that were shown to plaintiff GAGANDEEP SINGH indicated that the mileage on the truck was falsely represented to Plaintiff as stated as 405,255 miles, including:

a.   The federal odometer disclosure statement from SUMMIT TRUCK GROUP to plaintiff GAGANDEEP SINGH. This was filled out incompletely, such that the odometer mileage was left blank, and that *should* have been checked to indicate that the mileage was in excess of its mechanical limits was *not* checked. (A copy made from the original document that was provided to plaintiff GAGANDEEP SINGH is attached and incorporated herein as Exhibit "A")

23.   Plaintiff GAGANDEEP SINGH is in possession of a Certificate of Title for the purchased a 2017 FREIGHTLINER CASCADIA TRUCK, vehicle identification number 3AKJGLDR7HSGV8144 which shows SCHNEIDER NATIONAL LEASING INC. PO BOX 2545, GREEN BAY, WI 54306, issue date 04/18/2016, Odometer reading: Exempt issued in the State of INDIANA .  **(Please see attached Exhibit "F").**

24.   These fraudulent acts, omissions, and Breaches have  left Plaintiff GAGANDEEP SINGH to seek judicial review and support and fraud and misconduct has occurred and Plaintiff seeks justice.

25.   Defendant LOUIS SIMS was acting as agent for Defendant SUMMIT GROUP and Defendant GT TRUCK SALES in preparing and handling the documentation relating to the sale of the vehicle to plaintiff GAGANDEEP SINGH.   All conduct of Defendant LOUIS SIMS as alleged was in the course and scope of that agency.

26.   Plaintiff GAGANDEEP SINGH purchased the truck in reasonable reliance on all of the representations by Defendants, and onparticipation in the representations made by Defendants.

27.   All Defendants, in making such representations, acted with knowledge that the representations were false, with reckless disregard for whether they were true or false, and with intent todefraud. All Defendants made all representations concerning the truck as aforesaid with the intention that the plaintiff would rely on such representations in purchasing the truck.

28.   All Defendants, in participating in making such representations, acted with knowledge that the representations were false, with reckless disregard for whether they were true or false, and with intent to defraud.   All Defendants participated in making all representations concerning the truck as aforesaid withthe intention that the plaintiff would rely on such representations in purchasing the truck and would rely on such representations in continuing to purchase the truck.

29.   The plaintiff did not know that the odometer reading onthe truck was not actual miles, or that the other mileage and condition representations made to him were false.

30.   Each of the defendants possessed knowledge superior to the plaintiffs in all matters concerning which any misrepresentations were made.

31.   All Defendants and their employees and agents were known to be of deceptive and fraudulent character in their dealings, and this was known at all relevant times to all Defendants.

32.     The plaintiff suffered damages as a proximate result of the false representations and conduct of the defendants as alleged, including but not limited to the lessened value of the vehicle because of its higher mileage, the cost of repair parts and expenditure of repair labor on the vehicle, taxes, insurance, the value of substantial efforts to cover, investigate and cope with problems relating to the truck, lost use of the truck, and other miscellaneous incidental and consequential damages, all in the approximate amount of in excess of at least $100,000.00.

33.     The plaintiff suffered actual damages proximately caused by the conduct of Defendants as alleged which caused Plaintiff economic and personal embarrassment and humiliation, and emotional and mental distress and suffering, all in excess of $100,000.00.

34.     All of the actions and omissions of Defendants as alleged were willful, wanton, and malicious, done with reckless disregard for the Plaintiff's rights, were outrageous because of evil motive or reckless indifference to the plaintiff's rights and the rights of others, constituted fraud, and were done without just cause or excuse, so that the Plaintiff is entitled to separate awards of punitive damages against each of the Defendants.

### Count I:   Violations of Federal Odometer Law
### By Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, GT
### TRUCK SALES

35.     The conduct of all Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES, participating in making false mileage statements, all with intent to defraud, constituted violations of 49 U.S.C. §32705 and the regulations for the enforcement thereof at 49 C.F.R. §§ 580.1 et seq.

36.     The conduct of all Defendants all Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES, as alleged violated 49 U.S.C. § 32703(4) and the regulations for the enforcement thereof at 49 C.F.R. §§ 580.1 et seq., in that the defendants conspired to violate 49 U.S.C. § 32705, all of which actions were done with intent to defraud.

37.     As a proximate result of the breaches of the federal odometer statutes the plaintiff suffered actual damages as alleged in excess of $100,000.00.

38.     Pursuant to Title 49 U.S.C. § 32710, the Plaintiff is entitled to three times his actual damages or $300,000.00, whichever is greater, plus his reasonable attorney fees and the costs of this action, against the Defendants.

WHEREFORE, Plaintiff GAGANDEEP SINGH demands separate judgments against all Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES, each for in excess of $100,000.00 in statutory damages, plus joint and several judgment against all Defendants for his reasonable attorney fees, if substituted, for the costs of this action, and for such other relief as the Court deems just and proper.

## Count II:   Violation of Missouri Odometer Law
### By Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, GT TRUCK SALES

39.     The plaintiff incorporates by reference each allegation in his Count I, and paragraphs 1 through 38 inclusive, and by this reference incorporates the same herein as if set forth in full..

40.     In violation of MO odometer violation law sections 407.511 to 407.556 407.536, Defendants have not provided a written disclosure to the plaintiff at or before entering into the purchase agreement as to whether Defendants have performed a title search on the vehicle.

41.     The plaintiff is entitled to a civil penalty in an amount of up to $100,000.00

WHEREFORE, plaintiff GAGANDEEP SINGH demands judgment against Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES, under MO odometer violation law sections 407.511 to 407.556 407.536 for a civil penalty of $100,000.00, being in addition to all other recovery under this complaint.

## Count III:   Violations of the Missouri Consumer Protection Act
### By Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, GT TRUCK SALES

42.     The plaintiff incorporates by reference each allegation in his Counts I and II, and paragraphs 1 through 41 inclusive, and by this reference incorporates the same herein as if set forth in full..

43.     At the time of purchase, Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES did:

a.     make false and misleading oral and written statements to the plaintiff regarding the mileage, in that the mileage was represented 405,255 miles;

b.     make false oral statements regarding the condition of the vehicle, in that the condition was represented to be good; and

c.     make false oral statements regarding the engine, in that the engine was represented to be good.

44.     The above misrepresentations were part of a pattern of deceptive acts and practices engaged in by Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES.

45.     Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK
SALES willfully failed to state a material fact, or willfully concealed, suppressed or omitted
a material fact, in that Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT
TRUCK SALES knew that the mileage was greater than it had been represented to be to the
plaintiff, and willfully failed to inform the plaintiff.

WHEREFORE, the plaintiff demands judgment against Defendants SUMMIT TRUCK
GROUP, LOUIS SIMS, and GT TRUCK SALES for violations of the Missouri Consumer
Protection Act and the Missouri Vehicle Dealers and Licensing Act; that the plaintiff be awarded
separate civil penalties in the maximum amount permitted by law for each violation of the Acts,
or his actual damages, whichever is greater; and that he be awarded his reasonable attorney fees,
the costs of this action, and such other and further relief as the Court deems just and proper.

## Count IV:   Fraud in Mileage Representations
## By Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, GT
## TRUCK SALES

46.     The plaintiff incorporates by reference each allegationin his Counts I
through III, and paragraphs 1 through 45 inclusive, and by this reference incorporates the same
herein as if set forth in full.

47.     The actions and omissions of the defendants as allegedconcerning the
mileage representations as alleged constituted fraud.

48.     The plaintiff suffered actual damages proximately caused by this fraudulent
conduct of the defendants as alleged inexcess of $100,000.

49.     All of the actions and omissions of each of the defendants as alleged were
willful, wanton, and malicious, done with reckless disregard for the plaintiff's rights and the
rightsof other purchasers, were outrageous because of evil motive or

reckless indifference to the plaintiff's rights and the rights ofothers, and were done without just
cause or excuse, so that the plaintiff is entitled to separate awards of punitive damages against
each of the defendants.

WHEREFORE plaintiff GAGANDEEP SINGH demands joint and several judgments
against defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES for in
excess of $100,000 in actual damages plus interest from thedate of the sale of the vehicle and the
costs of this action, andfor separate judgments for punitive damages against SUMMIT TRUCK
GROUP for $250,000, against LOUIS SIMS for $250,000, and against GT TRUCK SALES for
$250,000 and for such other relief as this Court deems just andproper.

### Count V:   Fraud in Representations Regarding Condition of Vehicle
### By Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, GT
### TRUCK SALES

50.    The plaintiff incorporates by reference each allegation in his Counts I through IV and paragraphs 1 through 49 inclusive, and by this reference incorporates the same herein as if set forth in full.

51.    The actions and omissions of the defendants as alleged concerning the representations regarding the condition of the vehicle constituted fraud.

52.    The plaintiff suffered actual damages proximately caused by this fraudulent conduct of the defendants as alleged in excess of $100,000.

53.    All of the actions and omissions of each of the defendants as alleged were willful, wanton, and malicious, done with reckless disregard for the plaintiff's rights and the rights of other purchasers, were outrageous because of evil motive or reckless indifference to the plaintiff's rights and the rights of others, and were done without just cause or excuse, so that the plaintiff is entitled to separate awards of punitive damages against each of the defendants.

WHEREFORE plaintiff GAGANDEEP SINGH demands joint and several judgments against defendants SUMMIT TRUCK GROUP, LOUIS SIMS, and GT TRUCK SALES for in excess of $100,000 in actual damages plus interest from the date of the sale of the vehicle and the costs of this action, and for separate judgments for punitive damages against SUMMIT TRUCK GROUP for
$250,000, and against LOUIS SIMS for $250,000, and against GT TRUCK SALES for $250,000, and for such other relief as this Court deems just and proper.

### Count VI:   Breaches of Express and Implied Warranties
### By Defendants SUMMIT TRUCK GROUP, LOUIS SIMS, GT
### TRUCK SALES

54.    The plaintiff incorporates by reference the allegations of his Counts I through V, and paragraphs 1 through 53 inclusive, and by this reference incorporates the same herein as if set forth in full.

55.    The representations of mileage constituted express warranties under K.S.A. 84-2-313, and implied warranties under
K.S.A. 84-2-314(2)(a) in that the mileage was part of the "contract description" of the vehicle.

56.    The vehicle was also not merchantable, in breach of the implied warranty of merchantability at K.S.A. 84-2-314(2)(c), in that it was not fit for the ordinary purposes for which such goods are sold.

57.    The plaintiff suffered actual damages proximately caused by these breaches of warranties as alleged of in excess of
$100,000.

58.     Pursuant to these statutes and K.S.A. 84-2-714 and 2-715, the plaintiff is entitled to recover his actual damages, including incidental and consequential damages.

59.     Pursuant to Title 15 U.S.C. 2310(d) (the "Magnuson-MossAct"), the plaintiff is entitled to recover his actual damages plus attorney fees.

WHEREFORE plaintiff GAGANDEEP SINGH demands joint and several judgments against defendants Slick and SAS for in excess of $100,000 in actual damages, plus reasonable attorney fees, plusinterest from the date of the sale of the vehicle and the costs of this action, and for such other relief as this Court deems just and proper.

Dated: April 26, 2022

Gagandeep Singh (Plaintiff)